# Exhibit "A"

**JAE LEE LAW, P.C.**
**By: Shane Alexander Sullivan, Esq.**
**2050 Center Avenue, Suite 120**
**Fort Lee, NJ 07024**
**Telephone No.: (201) 346-3800**
**Facsimile No.: (201) 346-3822**
**New Jersey Attorney ID: 021442012**
Attorneys for Plaintiff, *Michael H. Kim*

| | |
|---|---|
| MICHAEL H. KIM, | **SUPERIOR COURT OF NEW JERSEY** |
| | **LAW DIVISION: BERGEN COUNTY** |
| *Plaintiff,* | |
| | **DOCKET NO.: BER-L-** |
| vs. | |
| | **CIVIL ACTION** |
| WALTER D. NELDER, ECR TRUCKING, | |
| LLC, "JOHN DOES 1-5", and "ABC | |
| COMPANIES 1-5", (all being fictitious | |
| designations), | |
| | |
| *Defendants.* | |

---

## COMPLAINT and JURY DEMAND

---

Plaintiff, Michael H. Kim, residing at 261 Tietjen Avenue, in the City of Englewood, in the County of Bergen, in the State of New Jersey, by way of Complaint against Defendants, says:

### FIRST COUNT

1. On or about August 15, 2018, Plaintiff, Michael H. Kim, was the owner and operator of a motor vehicle, which was traveling east on Interstate 95 North, in the Borough of Fort Lee, in the County of Bergen, in the State of New Jersey.

2. At the aforesaid time and place, Defendant, Walter D. Nelder, was the operator of a motor vehicle owned by Defendant, ECR Trucking, LLC, which was traveling east on Interstate 95 North, in the Borough of Fort Lee, in the County of Bergen, in the State of New Jersey.

3. At the aforesaid time and place, Defendants, "John Does 1-5", (being fictitious designations), were the operators of a motor vehicle owned by Defendants, "ABC Companies 1-5", (being fictitious designations), which were traveling east on Interstate 95 North, in the Borough of Fort Lee, in the County of Bergen, in the State of New Jersey.

4. At the aforesaid time and place, Defendants owned, operated, maintained, repaired and controlled their motor vehicles in such a negligent and careless manner so as to strike Plaintiff's vehicle.

5. As a result of the negligence and carelessness of Defendants, Plaintiff suffered severe and permanent injuries, was disabled and disfigured, has suffered and will continue to suffer great pain and torment, both mental and physical.

6. As a further result of Defendants' aforesaid negligence, and the injuries thereby caused to Plaintiff, Plaintiff has been, and will be in the future, compelled to spend great and diverse sums of money for medical aid and treatment, and has been, and will be, prevented from attending to her usual occupation, duties, activities and business.

**WHEREFORE**, Plaintiff, Michael H. Kim, demands judgment against Defendants, Walter D. Nelder, ECR Trucking, LLC, "John Does 1-5" and "ABC Companies 1-5" (all being fictitious designations), for damages, together with interest and costs of suit.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## DESIGNATION of TRIAL COUNSEL

Pursuant of Rule 4:5-1(c), Shane A. Sullivan, Esq. is hereby designated as Trial Counsel.

## CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any court or arbitration proceeding, that no such other action or arbitration proceeding is contemplated by this Plaintiff, and that there are no other parties, whom, to the knowledge of the Plaintiff(s)' counsel, should be joined in this action.

I hereby certify that Certifications Pursuant to the Automobile Cost Reduction Act of 1998 are attached hereto, made a part hereof and are being filed herewith as a part of Plaintiff's pleadings.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Shane A. Sullivan

Date:  February 5, 2020

# Exhibit "B"

**SALMON, RICCHEZZA, SINGER & TURCHI** LLP
By: Zachary J. Ballard, Esq. (Attorney ID # 14472007)
     David J. Jones, Esq. (Attorney ID# 151832015)
Tower Commons
123 Egg Harbor Road – Suite 406
Sewell, NJ 08080
(856) 354-8074
*Attorneys for Defendants, Walter D. Nelder & ECR Trucking LLC (improperly plead as ECR Trucking)*

| | | |
|---|---|---|
| MICHAEL H. KIM, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION - ATLANTIC COUNTY |
| Plaintiff, | : | |
| v. | : | |
| | : | DOCKET NO.: BER-L-000937-20 |
| WALTER D. NELDER, ECR TRUCKING, | : | |
| "JOHN DOES 1-5", and "ABC COMPANIES | : | |
| 1-5", (all being fictitious designations), | : | **ACCEPTANCE OF SERVICE** |
| | : | **PURSUANT TO *R.* 4:4-6** |
| Defendants. | : | |

TO:   Shane Alexander Sullivan, Esquire
      JAE LEE LAW, P.C.
      2050 Center Avenue, Suite 120
      Fort Lee, NJ 07024
      *Attorneys for Plaintiff, Michael H. Kim*

      Pursuant to Rule 4:4-6, I am an attorney authorized to accept service on behalf of Defendant, ECR Trucking LLC (improperly plead as ECR Trucking). I accept service of the Summons and Complaint in the above-captioned matter as of this date, <u>October 27, 2020</u>. I understand that this acknowledgement has the same effect as if Defendant, ECR Trucking LLC (improperly plead as ECR Trucking) had been properly served.

**JAE LEE LAW, P.C.**

By: _____
     Shane Alexander Sullivan, Esquire
     Attorney for Plaintiff,
     Michael H. Kim

**Salmon Ricchezza Singer & Turchi** LLP

By: _____
     David J. Jones, Esquire
     Attorney for Defendants,
     Walter D. Nelder & ECR Trucking LLC

Date: _____

Date: <u>October 27, 2020</u>

{J0615257.DOCX}1

# Exhibit "C"

| | | |
|---|---|---|
| Michael H. Kim, | Plaintiff | Superior Court of New Jersey |
| vs. | | Law Division |
| Walter D. Nelder, et al., | Defendant | Bergen County |
| | | Docket Number: BER-L-937-20 |

**Person to be served** (Name & Address):
Walter D. Nelder
4007 Southern Blvd.
Youngstown, OH 44512

**AFFIDAVIT OF SERVICE**

(For Use by Private Service)

**Papers Served:** Summons & Complaint

**Service Data:**

Served Successfully __X__    Not Served_____    Date: 6/27/2020    Time: 6:35 pm    Attempts:_____

_____ Delivered a copy to him / her personally

Name of Person Served and relationship / title:

__X____ Left a copy with a competent household member over 14 years of age residing therein

Casey Zaccone

Resident/Girlfriend

_____ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

**Description of Person Accepting Service:**

Sex: F____    Age: 30___    Height: 5'4"___    Weight: 150___    Skin Color: White_____    Hair Color: Brown_____

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____Date _____Time
                    _____Date _____Time

( ) Other: _____

**Comments or Remarks:**

**Server Data:**

Subscribed and Sworn to before me on the 28th day of June, 2020 by the affiant who is personally known to me.

_Alise Kent_

NOTARY PUBLIC

ALISE N. KENT
NOTARY PUBLIC, STATE OF OHIO
My Commission Expires 8/13/2024

I, John Richards, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_signature_                    6-28-20

Signature of Process Server            Date

Buckeye Attorney & Courier Service
1361 Millikin Place N.E.
Warren, OH 44483
(330) 647-4685
Our Job Serial Number: BAC-2020000489
Ref: Nelder

**JAE LEE LAW, P.C.**
**2050 Center Avenue, Suite 120**
**Fort Lee, New Jersey 07024**
**Telephone No.: (201)346-3800**
**Facsimile No.: (201) 346-3822**
**Attorneys for Plaintiff,** *Michael H. Kim*

| | | |
|---|---|---|
| MICHAEL H. KIM, | : | **SUPERIOR COURT OF NEW JERSEY** |
| | : | **LAW DIVISION: BERGEN COUNTY** |
| *Plaintiff,* | : | |
| | : | **DOCKET NO.: BER-L-937-20** |
| vs. | : | |
| | : | **CIVIL ACTION** |
| WALTER D. NELDER, ECR TRUCKING, | : | |
| LLC, "JOHN DOES 1-5", and "ABC | : | **SUMMONS** |
| COMPANIES 1-5", (all being fictitious | : | |
| designations), | : | |
| | : | |
| | : | |
| *Defendants.* | : | |

### THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT(S):

# WALTER D. NELDER

**THE PLAINTIFF,** named above has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or Motion and proof of Service with the deputy clerk of the Superior Court in the County listed above within 35 days from the date you received this Summons, not counting the date you received it. If the Complaint is one in foreclosure, then you must file your written Answer or Motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your Answer or Motion when it is filed. You must also send a copy of your Answer or Motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written Answer or Motion (with fee and complete case Information Statement), if you want the Court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a Judgment against you for the relief of plaintiff's demands, plus interest and costs of suit. If judgment is entered against you the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford to pay an attorney, you may call the Legal Services Office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not

eligible for free legal assistance, you may obtain a referral to an attorney by calling the Lawyer Referral Services. A list of these numbers is also provided.

*/s/ Donald F. Phelan, Clerk*
DONALD F. PHELAN, CLERK

Dated: February 11, 2020

Name and Address of Defendant:

# WALTER D. NELDER
## 7327 Shady Lane
## Lisbon, OH 44432

# Exhibit "D"

**SALMON, RICCHEZZA, SINGER & TURCHI** LLP
By:  Zachary J. Ballard, Esq. (Attorney ID # 14472007)
      David J. Jones, Esq. (Attorney ID# 151832015)
Tower Commons
123 Egg Harbor Road – Suite 406
Sewell, NJ  08080
(856) 354-8074
*Attorneys for Defendants, Walter D. Nelder & ECR Trucking, LLC*

| | | |
|---|---|---|
| MICHAEL H. KIM, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION - BERGEN COUNTY |
| Plaintiff, | : | |
| v. | : | |
| | : | DOCKET NO.: BER-L-000937-20 |
| WALTER D. NELDER, ECR TRUCKING, | : | |
| LLC, "JOHN DOES 1-5", and "ABC | : | |
| COMPANIES 1-5", (all being fictitious | : | **ANSWER TO PLAINTIFF'S** |
| designations), | : | **COMPLAINT WITH AFFIRMATIVE** |
| | : | **DEFENDANTS** |
| Defendants. | | |

Defendants, Walter D. Nelder & ECR Trucking, LLC ("Answering Defendants"), by

way of answer to Plaintiff's Complaint, state:1

## **FIRST COUNT**

1.     After reasonable investigation, Answering Defendants have insufficient

knowledge and/or information upon which to form a belief as to the truth of these averments and,

accordingly, they are denied and Plaintiff is left to his proofs.

2.     It is only admitted that Defendant, Walter Nelder was operating a motor vehicle

owned by Defendant, ECR Trucking, LLC, traveling on Interstate 95 in Bergen County, New

Jersey. The remaining allegations are denied and Plaintiff is left to his proofs.

---

1In the unnumbered introductory paragraph of Plaintiff's Complaint, Plaintiff purports to reside at 261 Tietjen
Avenue, Englewood, NJ. Answering Defendants respond that after reasonable investigation, they have insufficient
knowledge and/or information upon which to form a belief as to the truth of these averments and, accordingly, they
are denied and Plaintiff is left to his proofs.

3.      After reasonable investigation, Answering Defendants have insufficient knowledge and/or information upon which to form a belief as to the truth of these averments and, accordingly, they are denied and Plaintiff is left to his proofs.

4.      The allegations against Answering Defendants in this paragraph are conclusions of law which require no response.  To the extent that a response is required, these allegations are denied and Plaintiff is left to his proofs.  By way of further response, Answering Defendants deny all liability to any party whatsoever, and it is specifically denied that Answering Defendants were negligent or careless.  To the contrary, Answering Defendants acted with due care at all times material thereto.

5.      The allegations against Answering Defendants in this paragraph are conclusions of law which require no response.  To the extent that a response is required, these allegations are denied and Plaintiff is left to his proofs.  By way of further response, Answering Defendants deny all liability to any party whatsoever, and it is specifically denied that Answering Defendants were negligent or careless.  To the contrary, Answering Defendants acted with due care at all times material thereto.

6.      The allegations against Answering Defendants in this paragraph are conclusions of law which require no response.  To the extent that a response is required, these allegations are denied and Plaintiff is left to his proofs.  By way of further response, Answering Defendants deny all liability to any party whatsoever, and it is specifically denied that Answering Defendants were negligent.  To the contrary, Answering Defendants acted with due care at all times material thereto.

**WHEREFORE**, Answering Defendants demand judgment in their favor together with interest and costs and such other and further relief as this Court deems just and proper.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred or limited by the appropriate statute of limitations.

### SECOND DEFENSE

Plaintiff's claims are barred and/or limited by the doctrines of waiver, laches and estoppel.

### THIRD DEFENSE

Plaintiff has failed to set forth a cause of action upon which relief can be granted.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata, collateral estoppel and/or the entire controversy doctrine.

### FIFTH DEFENSE

Plaintiff's claims are barred or limited by the doctrines of release and/or accord and satisfaction.

### SIXTH DEFENSE

Venue is not appropriate pursuant to *R*. 4:3-2.

### SEVENTH DEFENSE

Venue is not appropriate in this county pursuant to the doctrine of forum non conveniens under *R*. 4:3-3.

**EIGHTH DEFENSE**

Plaintiff's claims are barred or limited to insufficiency of process and/or insufficiency of service of process.

**NINTH DEFENSE**

This Court lacks in personam jurisdiction.

**TENTH DEFENSE**

Answering Defendants' conduct was not a substantial factor in causing or contributing to the alleged damages.

**ELEVENTH DEFENSE**

Plaintiff has failed to mitigate damages.

**TWELFTH DEFENSE**

Plaintiff's damages were caused by the acts or omissions of third parties over whom Answering Defendants had no control.

**THIRTEENTH DEFENSE**

Plaintiff's injuries were not foreseeable.

**FOURTEENTH DEFENSE**

The injuries or damages alleged were caused in whole or in part by the intervening and superseding acts of third parties over whom Answering Defendants had no control or duty to control.

**FIFTEENTH DEFENSE**

The damages alleged are not the result of the actions or omissions which are the subject of Plaintiff's Complaint.

## SIXTEENTH DEFENSE

Answering Defendants did not owe any duty to Plaintiff and/or did not breach any duty that may have been due and owing.

## SEVENTEENTH DEFENSE

At all times relevant hereto, Answering Defendants acted in a reasonable, proper and prudent manner.

## EIGHTEENTH DEFENSE

If Plaintiff suffered any alleged injuries or damages, such injuries or damages were caused in part, or in their entirety, by Plaintiff's own negligence.

## NINETEENTH DEFENSE

Plaintiff's claims are barred or limited pursuant to the assumption of the risk doctrine.

## TWENTIETH DEFENSE

Plaintiff's injuries and/or damages, while Answering Defendants expressly deny the existence of same, were not actually or proximately caused by any act or omission on the part of Answering Defendants.

## TWENTY-FIRST DEFENSE

The instrumentality and/or property which allegedly caused injury to the Plaintiff was owned, maintained, controlled and/or possessed by persons or entities over which Answering Defendants had no control or right to control.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred or limited pursuant to the applicable sudden emergency doctrine.

## TWENTY-THIRD DEFENSE

The claims against Answering Defendants are barred or limited pursuant to the applicable Tort Claims Act.

## TWENTY-FOURTH DEFENSE

Plaintiff has failed to satisfy the requirements of the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1-35 and, pursuant thereto, Plaintiffs' claims are barred or limited.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred or limited in accordance with N.J.S.A. 39:6A-1 *et seq.,* N.J.S.A. 17:28-1.1 *et seq.* and/or any other applicable law regarding tort option selection.

## TWENTY-SIXTH DEFENSE

Answering Defendants hereby adopt and incorporate by reference all applicable defenses to Plaintiffs' claims as set forth in any other parties' answers to Plaintiff's Complaint and any amended complaints.

## TWENTY-SEVENTH DEFENSE

Plaintiff's recovery is barred or limited in accordance with the applicable comparative negligence statute as a result of Plaintiffs' contributory/comparative negligence.

## TWENTY-EIGHTH DEFENSE

Plaintiff sustained no compensable injuries and/or losses.

## TWENTY-NINTH DEFENSE

To the extent Plaintiff is awarded money damages, such damages should be reduced by the total amount of any and all payments that Plaintiff has received from any and all collateral sources.

## THIRTIETH DEFENSE

Plaintiff's recovery is barred or limited pursuant to the applicable Workers Compensation Act, Statutory Employer Defense and/or Borrowed Servant Doctrine.

## THIRTY-FIRST DEFENSE

Plaintiff's damages are speculative.

## THIRTY-SECOND DEFENSE

The accident averred in the Complaint was not foreseeable.

## THIRTY-THIRD DEFENSE

Any actions or omissions of Answering Defendants, while the same are expressly denied, were not a substantial factor in the accident, injuries and/or damages averred in the Complaint.

## THIRTY-FOURTH DEFENSE

The Complaint must be dismissed due to Plaintiff's failure to join indispensable parties.

## THIRTY-FIFTH DEFENSE

The claims against Answering Defendants are pre-empted pursuant to the Graves Amendment at 49 U.S.C. § 30106 and any other applicable law.

## THIRTY-SIXTH DEFENSE

The instrumentality and/or property which allegedly caused injury to the Plaintiff was adequately and properly maintained at the time of the accident averred in the Complaint.

## THIRTY-SEVENTH DEFENSE

The alleged injuries sustained by the Plaintiff were the result of his failure to use a seat belt and any injuries asserted will be reduced in accordance with the statutory and common law.

## THIRTY-EIGHTH DEFENSE

Answering Defendant adopts and incorporates by reference, as if the same were set forth at length herein, all other affirmative defenses which have been or will be asserted by any other party in this action, except those which may contain allegations of liability against Answering Defendants, to the extent that such defenses are applicable to Answering Defendants.

## THIRTY-NINTH DEFENSE

Answering Defendants hereby give notice that they intend to rely on other such affirmative defenses that may become available during the course of discovery in this matter without the need for a formal amendment of this pleading.

## CLAIM FOR CONTRIBUTION

Without admitting any liability herein, Answering Defendants demand contribution from the other parties to this matter and any parties hereinafter named, who are not represented by this law firm, under the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 et seq., the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq., and the New Jersey Tort Claims Act, N.J.S.A. 59:8-1 et seq., and any other applicable law.

**WHEREFORE**, Answering Defendants demand judgment in their favor together with interest and costs and such other and further relief as this Court deems just and proper.

## CLAIM FOR INDEMNITY

Answering Defendants demand indemnity from the other parties to this matter and any other parties hereinafter named, who are not represented by this law firm, both contractually and at common law.

**WHEREFORE**, Answering Defendants demand judgment in their favor together with

interest and costs and such other and further relief as this Court deems just and proper.

## ANSWERS TO CONTRIBUTION CLAIMS, INDEMNITY CLAIMS AND CROSSCLAIMS

Answering Defendants deny that they are liable for any and all contribution claims, indemnification claims and crossclaims which have been or will be asserted against them.

## ADDITIONAL ANSWERS TO CROSSCLAIMS

1.     Answering Defendants incorporate the foregoing paragraphs of their Answer and Separate Defenses as fully as if set forth herein at length.

2.     All crossclaims against Answering Defendants are denied, as strict proof is demanded at trial.

WHEREFORE, Answering Defendants demand judgment in their favor and against Cross-Claimants, together with fees, interests and costs thereupon.

## CLAIM FOR INSURANCE COVERAGE

Answering Defendants demand defense, indemnity and insurance coverage from the present co-defendants and any other defendants hereinafter named, who are not represented by this law firm, at common law and pursuant to all applicable insurance policies.

## NOTICE OF ALLOCATION

Pursuant to *R*. 4:7-5 Answering Defendants hereby advise that if any co-defendants settle the within matter prior to the conclusion of trial, the liability of any settling co-defendants shall remain at issue and Answering Defendants shall seek an allocation of the percentage of negligence by the finder of fact against such settling co-defendants and/or a credit in favor of the Answering Defendants consistent with such allocation.  Answering Defendants further advise of its intention to seek an allocation of fault against any fictitious parties.

## RESERVATION OF MOTION TO STRIKE

Answering Defendants reserve the right to move to strike the return of service and the Complaint due to lack of personal jurisdiction and/or insufficiency of process and/or insufficiency of service of process.

## JURY TRIAL DEMAND

**PLEASE TAKE NOTICE** that Answering Defendants hereby demand a trial by a jury of twelve (12) as to all issues.

## REQUEST FOR STATEMENT OF DAMAGES

**PLEASE TAKE NOTICE** that pursuant to *R*. 4:5-2, Plaintiff is hereby demanded to provide within five (5) days after service hereof, a written Statement of Damages Claimed by you in each Count of the Complaint.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of *R*. 4:25-4, the Court is advised that Zachary J. Ballard, Esquire is hereby designated as trial counsel.

## DEMAND FOR DISCOVERY

Answering Defendants hereby demand Plaintiff's certified answers to Form A and Form B Uniform Interrogatories (to the extent applicable) and the Co-Defendants certified answers to Form C and Form C(1) or Form C(2) interrogatories whichever are applicable..

## CERTIFICATIONS

The undersigned hereby certifies that the within Answer is filed and served within the time allowed by *R*. 4:6-1 et seq., as extended.

The undersigned further certifies that to the best of his knowledge, pursuant to *R*. 4:5-1,

the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated.

The undersigned further certifies that to the best of his knowledge, pursuant to *R*. 4:5-1, no other persons and/or entities should be identified as having potential liability to any party to this action on the basis of the same transactional facts.

**SALMON, RICCHEZZA, SINGER & TURCHI** LLP

By:     */s/ Zachary J. Ballard*
_____

Zachary J. Ballard, Esq.
David J. Jones, Esq.
*Attorneys for Defendants,*
*Walter D. Nelder & ECR Trucking, LLC*

Dated:  November 17, 2020

**SALMON, RICCHEZZA, SINGER & TURCHI** LLP
By:  Zachary J. Ballard, Esq. (Attorney ID # 14472007)
       David J. Jones, Esq. (Attorney ID# 151832015)
Tower Commons
123 Egg Harbor Road – Suite 406
Sewell, NJ  08080
(856) 354-8074
*Attorneys for Defendants, Walter D. Nelder & ECR Trucking, LLC*

| | | |
|---|---|---|
| MICHAEL H. KIM, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION - BERGEN COUNTY |
| Plaintiff, | : | |
| v. | : | |
| | : | DOCKET NO.: BER-L-001937-20 |
| WALTER D. NELDER, ECR TRUCKING, | : | |
| LLC, "JOHN DOES 1-5", and "ABC | : | |
| COMPANIES 1-5", (all being fictitious | : | **CERTIFICATION OF SERVICE** |
| designations), | : | |
| | : | |
| Defendants. | : | |

        I hereby certify that a true and correct copy of Defendants' Answer with Defenses was sent by first-class United States mail, postage prepaid, to the counsel listed below:

Shane Alexander Sullivan, Esquire
JAE LEE LAW, P.C.
2050 Center Avenue, Suite 120
Fort Lee, NJ 07024
***Counsel for Plaintiff***

**SALMON, RICCHEZZA, SINGER & TURCHI** LLP

        */s/ Zachary J. Ballard*

By:  _____
        Zachary J. Ballard, Esq.
        David J. Jones, Esq.
        *Attorneys for Defendants,*
        *Walter D. Nelder & ECR Trucking, LLC*

Dated:  November 17, 2020

# Exhibit "E"

**SALMON, RICCHEZZA, SINGER & TURCHI** LLP
By:  Zachary J. Ballard, Esq. (Attorney ID # 14472007)
       David J. Jones, Esq. (Attorney ID# 151832015)
Tower Commons
123 Egg Harbor Road – Suite 406
Sewell, NJ  08080
(856) 354-8074
*Attorneys for Defendants, Walter D. Nelder & ECR Trucking, LLC*

| | | |
|---|---|---|
| MICHAEL H. KIM, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION - BERGEN COUNTY |
| Plaintiff, | : | |
| v. | : | |
| | : | DOCKET NO.: BER-L-000937-20 |
| WALTER D. NELDER, ECR TRUCKING, | : | |
| LLC, "JOHN DOES 1-5", and "ABC | : | |
| COMPANIES 1-5", (all being fictitious | : | **NOTICE OF REMOVAL** |
| designations), | : | |
| | : | |
| Defendants. | : | |

To the Clerk of the Court:

Pursuant to 28 U.S.C. §1446(D), Defendant, ECR Trucking, LLC, files herewith a copy

of the Notice of Removal which was filed in the United States District Court for the District of

New Jersey.  *See* attached, **Exhibit "A."**

**SALMON RICCHEZZA SINGER & TURCHI** LLP

By: _____
      Zachary J. Ballard, Esquire
      David J. Jones, Esquire

Dated:  November 18, 2020

**SALMON, RICCHEZZA, SINGER & TURCHI** LLP
By:  Zachary J. Ballard, Esq. (Attorney ID # 14472007)
        David J. Jones, Esq. (Attorney ID# 151832015)
Tower Commons
123 Egg Harbor Road – Suite 406
Sewell, NJ  08080
(856) 354-8074
*Attorneys for Defendants, Walter D. Nelder & ECR Trucking, LLC*

| | | |
|---|---|---|
| MICHAEL H. KIM, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION - BERGEN COUNTY |
| Plaintiff, | : | |
| v. | : | |
| | : | DOCKET NO.: BER-L-001937-20 |
| WALTER D. NELDER, ECR TRUCKING, | : | |
| LLC, "JOHN DOES 1-5", and "ABC | : | |
| COMPANIES 1-5", (all being fictitious | : | **PROOF OF MAILING** |
| designations), | : | |
| | : | |
| Defendants. | : | |

It is hereby certified that a true and correct copy of the within captioned Notice of

Removal Pursuant to 28 U.S.C. §1446(D) was served via First Class Mail on the below counsel:

Shane Alexander Sullivan, Esquire
JAE LEE LAW, P.C.
2050 Center Avenue, Suite 120
Fort Lee, NJ 07024
*Counsel for Plaintiff*

**SALMON RICCHEZZA SINGER & TURCHI** LLP

By:  _____
        Zachary J. Ballard, Esquire
        David J. Jones, Esquire

Dated:  November 18, 2020

# Exhibit "F"

**Denise DeFinis**

| | |
|---|---|
| **From:** | Shane Sullivan <shane@jaeleelaw.com> |
| **Sent:** | Tuesday, November 17, 2020 2:13 PM |
| **To:** | David Jones |
| **Subject:** | Re: Kim v. ECR Trucking et al. |

We will be providing a specials package shortly.  Our formal demand at this time is $200,000.00.  My cell phone is ████ ████.

Regards,

**Shane A. Sullivan, Esq.**



New Jersey
Phone: 201-346-3800  Fax: 201-346-3822
2050 Center Avenue, Suite 120, Fort Lee NJ 07024
New York
Phone: 718-423-2400  Fax: 718-423-2477
164-01 Northern Boulevard, 2nd Fl., Flushing NY 11358
Web: www.jaeleelaw.com
Email: shane@jaeleelaw.com